ANNIE W. DUNCAN v. J. D. OVERTON AND D. H. OVERTON.

(Filed 28 September, 1921.)

**Automobiles—Negligence—Principal and Agent—Father and Son—Evidence—Nonsuit—Trials.**

Where there is evidence that a father has given his automobile to his son for the purpose of the latter's driving therein through the country to town to enter school, with instructions to leave the automobile at a garage, the father is responsible in damages for the negligence of the son in causing an injury to a third person on the streets of the town, while so driving, from which he is not released by a divergence of the son in taking some fellow-students from the depot, where he had met them, to the school, and a nonsuit or a direction of the verdict on the trial in the defendant's behalf was properly refused.

APPEAL by defendant from *Devin, J.,* at October Term, 1920, of CHATHAM.

This is an action for injuries sustained by the plaintiff from an automobile driven by the defendant, D. H. Overton, in the streets of Raleigh, J. D. Overton, the owner thereof, being joined as a defendant. Verdict and judgment for the plaintiff. Appeal by the defendant, J. D. Overton.

*Manning, Bickett & Ferguson for plaintiff.*
*Little & Barnes for defendants.*

CLARK, C. J.   There are two exceptions, one that the court should have charged the jury as prayed, that if they believed the evidence they should answer the first issue "No," as to the defendant J. D. Overton. The other exception is that there should have been a nonsuit as to the defendant J. D. Overton.   There is thus no question raised as to the negligence, or the amount of the damages.   The sole question is as to the liability of J. D. Overton, the owner of the machine and the father of the other defendant, who was the driver whose negligence, as the jury find, was the cause of the injury.

In the second paragraph of the complaint it is alleged that "the defendant J. D. Overton was the owner of the automobile which was being driven with his knowledge by his son, D. H. Overton, in the city of Raleigh, at the time hereinafter mentioned."   This allegation is admitted in the answer.   This admission that the minor defendant was driving the car with the knowledge of his father justifies the inference that it was done with his consent.   *Taylor v. Stewart,* 172 N. C., 206. And, indeed, this case falls within the principle laid down in *Tyree v. Tudor,* 181 N. C., 214, in that his father admits that he authorized the son to use the car on this occasion.   According to the defendant's evidence, the father had directed his son to drive this car from Nashville to Raleigh, to carry himself and his luggage to the A. and E. College, and thereafter to take the car to the garage in Raleigh for repairs.   The son testifies that he met some other college students at the Union depot in Raleigh and was conveying them and their suit-cases in the car to the college at the time the injury to the plaintiff occurred.

The court instructed the jury:   "If you should find from the evidence that the defendant J. D. Overton, who was the owner of the car, only gave permission to his son to take the car to the garage for repairs directly after having gone to the college, and that his instructions in this respect were disobeyed by his son without the knowledge or consent of J. D. Overton, and that the son was not accustomed to drive the car without the express permission of J. D. Overton, then you would answer the first issue 'No' as to J. D. Overton; but if you should find from the evidence, and the greater weight thereof, that it was customary for the son to drive the car, or that at the time of the injury he was engaged in carrying out the father's instructions, then the defendant D. H. Overton would be the agent of the defendant J. D. Overton, and the said J. D. Overton would be liable for the acts of his agent, and if you should find from the evidence, and the greater weight thereof, that there was negligence, you would answer the issue 'Yes' as to both defendants."

There is no assignment of error to this charge, nor that it is not justified by the evidence.   We do not think that the defendant has any

6—182

cause to claim that he was prejudiced thereby. The case on appeal states that there was other evidence on the part of the plaintiff which the appellant does not set out in his case on appeal.

Indeed, we think the law is stricter against the defendant than as . stated in the charge. The father having placed his son in charge of the machine to bring it from Nashville to the A. and E. College at Raleigh, and thence to the garage, is responsible for injuries accruing from the negligence of his agent while in charge of the machine on that errand, and is not released therefrom by an incidental divergence in discharging the duty entrusted to him before the driver reached the garage, such as is testified to in this case.