CARL SWICEGOOD v. SWIFT & COMPANY.

(Filed 3 November, 1937.)

Automobiles § 24b—Nonsuit held proper upon failure of evidence tending to show that employee was driving in performance of his duties.

Owner's motion to nonsuit held properly granted upon evidence tending to show that employee driving the car at the time of the collision was driving for his own pleasure without the owner's permission, and contrary to its instructions, without evidence on the part of the plaintiff tending to show that at such time the employee was driving the automobile in the performance of the duties of his employment. *Puckett v. Dyer,* 203 N. C., 684, cited and distinguished.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1937, of BEAUFORT. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff as the result of a collision on a highway in Beaufort County during the nighttime, between an automobile in which the plaintiff was riding and an automobile which was owned by the defendant and at the time of the collision was driven by James R. Holton, one of its employees.

It is alleged in the complaint that the collision which resulted in injuries to the plaintiff was caused by the negligence of James R. Holton, an employee of the defendant, and that at the time of the collision the said employee was driving defendant's automobile in the performance of his duty as its employee. This allegation is denied in defendant's answer.

At the close of the evidence at the trial the court was of opinion that there was no evidence tending to show that at the time of the collision James R. Holton was driving the automobile owned by the defendant in performance of his duty as its employee, and accordingly allowed defendant's motion for judgment as of nonsuit. Plaintiff excepted.

From judgment dismissing the action the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*LeRoy Scott, E. A. Daniels, and H. S. Ward for plaintiff.*
*MacLean & Rodman for defendant.*

PER CURIAM. After careful examination of all the evidence appearing in the record in this appeal, we concur with the opinion of the trial court that there was no evidence at the trial of this action tending to show that at the time of the collision which resulted in injuries to the plaintiff, James R. Holton, an employee of the defendant, was driving its automobile in the performance of his duty as its employee. All the evidence, on the contrary, shows that James R. Holton at the time of the collision, was driving defendant's automobile without its permission, contrary to its instructions, and for his own pleasure. The judgment dismissing the action is therefore affirmed.

*Puckett v. Dyer,* 203 N. C., 684, 167 S. E., 43, is distinguishable from the instant case. In that case there was evidence for the plaintiff tending to show that the defendant Jim Dyer was driving the automobile owned by his codefendant and employer, on the business of his employer. It was accordingly held that the evidence for the plaintiff, although controverted by evidence for the defendant, was properly submitted to the jury. In the instant case there was no evidence for the plaintiff tending to show facts on which the defendant is liable to the plaintiff on the principle of *respondeat superior.*

The judgment dismissing the action is
Affirmed.