### JAMES E. TEMPLE v. J. A. STAFFORD.

(Filed 17 September, 1947.)

**Automobiles § 24e—Evidence held insufficient to be submitted to jury upon doctrine of respondeat superior.**

In this action to recover against the owner of a truck upon the doctrine of *respondeat superior,* plaintiff's evidence showed defendant's ownership of the truck and negligence of the driver causing the injury. The uncontradicted evidence tended to show that defendant maintained the truck for farm use and permitted his day to day laborer to use the truck for his own purposes when not engaged in farm work, that defendant had told him to have fluid put in the brake system the next time he went to town for groceries or any other purpose, that on the occasion in question, the laborer, without defendant's knowledge, took the truck to town to get his shoes repaired, that while there he had fluid put in the brake system, that on his return trip he stopped at a piccolo "joint," and that the accident in suit occurred as he was leaving the piccolo "joint" to return to the farm. *Held:* The evidence fails to show that the driver was the

agent or employee of defendant at the time of and in respect to the transaction out of which the injury arose, and defendant's motion to nonsuit should have been allowed.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1947, of PASQUOTANK. Reversed.

Civil action to recover compensation for property damage and personal injury resulting from an automobile-truck collision.

Defendant operates a farm in Pasquotank County and maintains thereon a truck for farm use. One George Proctor lives on the farm and works for defendant as needed on a day-to-day basis. Defendant permitted Proctor to use the truck for his own purposes when not engaged in farm work. Proctor complained about the condition of the brakes and defendant told him the next time he went to South Mills after groceries, or for any other purpose, to take the truck to Mullen's Esso Station and have them put in brake fluid.

"Mr. Stafford told me to grease the truck and put the brake fluid in. He didn't tell me no special day. He told me that the next time I was up there to have this done and I had it done."

On 14 December, 1944, the weather was bad and Proctor was not working that afternoon. He, without the knowledge of the defendant, decided to go to South Mills on the truck to get his shoes fixed and "while I was over there I decided to have the truck fixed up, greased and brake fluid put in. They were my shoes, and I thought I'd have this other done while I was over there."

On his way home after dark Proctor stopped at a piccolo "joint" to get something to eat and drink. As he left the "joint" and drove out onto the highway the truck and plaintiff's automobile collided. There was evidence tending to show that Proctor drove or backed into the highway without lights and immediately in front of plaintiff's oncoming automobile.

As a result of the collision, plaintiff's automobile was badly damaged and he suffered certain personal injuries.

Issues were submitted to and answered by the jury in favor of the plaintiff. From judgment on the verdict defendant appealed.

*J. W. Jennetle for plaintiff, appellee.*
*W. A. Worth for defendant, appellant.*

BARNHILL, J. The one assignment of error relied on by defendant is bottomed on the refusal of the court below to grant his motion to dismiss as in case of nonsuit, entered at the end of the evidence for plaintiff and duly renewed at the conclusion of all the testimony. This assignment presents the one question: Is there any evidence in the record tending

TEMPLE *v.* STAFFORD.

to show that Proctor was the agent or employee of the defendant at the time of and in respect to the transaction out of which plaintiff's injury and damage arose? We are constrained to answer in the negative.

The plaintiff insists that Proctor was about his master's business from the time he left home with the truck to go to South Mills "for the purpose of having the truck greased and brake fluid put in it" until his return to his home. If this were true, plaintiff's right to recover could not be successfully challenged. But such is not the case.

Plaintiff's testimony other than that elicited through the adverse examination of the defendant discloses nothing more than negligence of the driver and ownership of the truck by defendant. *Carter v. Motor Lines, ante,* 193.

On the other hand, the evidence as to the nature of Proctor's trip to South Mills and the purpose for which he went is positive and uncontradicted. He went while off duty, for his own convenience, without the knowledge of defendant, to have his shoes repaired. Theretofore he had complained about the condition of the brakes and defendant told him to have brake fluid put in the first time he went for groceries or any other purpose. While in South Mills he recalled these instructions, drove by the filling station and had the truck greased and brake fluid put in. This was merely incidental and when the work was done the mission, if it may be so termed, was complete. He did not go to South Mills to get brake fluid and he was not on his way home from the performance of that duty when the accident occurred.

As he was not about his master's business at the time of the collision his negligence may not be imputed to defendant. *Reich v. Cone,* 180 N. C., 267, 104 S. E., 530; *Tyson v. Frutchey,* 194 N. C., 750, 140 S. E., 718; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126; *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40; *McLamb v. Beasley,* 218 N. C., 308, 11 S. E. (2d), 283; *Hawes v. Haynes,* 219 N. C., 535, 14 S. E. (2d), 503; *Riddle v. Whisnant,* 220 N. C., 131, 16 S. E. (2d), 698; *Smith v. Moore,* 220 N. C., 165, 16 S. E. (2d), 701.

The relationship of master and servant should be pleasant and harmonious. To this end it is not unusual for the master to permit his servant to use, for his own convenience, the master's means of conveyance. Perhaps this custom prevails on our farms more than elsewhere. In any event, this effort of the master to accommodate and assist his servant and make his life more pleasant does not bring within the scope of the master's employment acts of the servant otherwise outside such scope. The master is not so penalized for his kindness.

The judgment below is

Reversed.