MRS NELLIE DONIVANT v. J. H. SWAIM, TRADING AS J. H. SWAIM LUMBER COMPANY AND SLOCUM S. SILER.

(Filed 19 May, 1948.)

**1. Automobiles § 24c—**

Admissions in the answer that the driver of the truck involved in a collision was in defendant's employ and was driving defendant's truck at the time, with testimony by defendant to the effect that when the accident occurred the driver was engaged in making a trip for defendant's father, which defendant had authorized, *is held* sufficient to overrule nonsuit upon the issue of whether the driver was defendant's employee engaged in the scope of his employment at the time of the collision.

**2. Automobiles § 8i—**

It is negligence *per se* for a motorist to overtake and pass another vehicle proceeding in the same direction at an intersection of a highway, unless permitted to do so by a traffic officer. G. S., 20-150 (c).

**3. Same: Automobiles § 18i—**

The evidence tended to show that the driver of an automobile overtook and attempted to pass a truck proceeding in the same direction at an intersection of streets in a municipality at which no traffic officer was stationed, and that the vehicles collided when the driver of the truck made a left turn at the intersection. *Held:* It was error for the court to instruct the jury that the provisions of G. S., 20-150 (c), did not apply.

APPEAL by defendant, J. H. Swaim, from *Warlick, J.,* at September Term, 1947, of GUILFORD (Greensboro Division).

Civil action to recover for personal injuries alleged to have been sustained by plaintiff as a result of the negligence of the defendants.

On 5 April, 1946, about 8:30 a.m., the plaintiff was standing on the sidewalk at the intersection of West Lee Street and Highland Avenue, in the City of Greensboro, N. C., waiting for the trackless trolley to take her into town, when she was struck and seriously injured by an automobile driven by the defendant Slocum S. Siler.

The appellant's truck, driven by Hubert Ring, was proceeding west on West Lee Street, and the defendant Siler was proceeding in the same direction. The driver of the appellant's truck testified that he gave the required signal to indicate his intention to turn left at the intersection of West Lee Street and Highland Avenue. The defendant Siler denied that any signal was given by the driver of the appellant's truck, but Siler testified he undertook to pass the truck in the intersection without sounding his horn or giving any signal of his intention to pass the truck. The evidence tends to show that when the appellant's truck started to turn left, the defendant Siler's car came in contact with the left front fender of the truck and Siler lost control of his car and ran on the sidewalk, at the southwestern intersection of the streets, and hit the plaintiff.

The jury returned a verdict against both defendants, and judgment was duly entered thereon.

The defendant J. H. Swaim appealed to the Supreme Court, assigning error.

*Frazier & Frazier and J. A. Cannon, Jr., for plaintiff.*

*Smith, Wharton & Jordan and McNeill Smith for defendant, appellant.*

DENNY, J.   The appellant assigns as error the refusal of the court below to allow his motion for judgment as of nonsuit, made at the close of plaintiff's evidence and renewed at the close of all the evidence.

The appellant contends the evidence adduced in the trial below is insufficient to show that the driver of his truck was his agent, and engaged in the scope of his employment at the time plaintiff sustained her injury, citing *Temple v. Stafford,* 227 N. C., 630, 43 S. E. (2d), 845; *Rogers v. Black Mountain,* 224 N. C., 119, 29 S. E. (2d), 203; *Russell v. Cutshall,* 223 N. C., 353, 26 S. E. (2d), 866; *Riddle v. Whisnant,* 220 N. C., 131, 16 S. E. (2d), 698; *Hawes v. Haynes,* 219 N. C., 535, 14 S. E. (2d), 503; *Swicegood v. Swift & Co.,* 212 N. C., 396, 193 S. E., 277; *Cotton v. Transportation Co.,* 197 N. C., 709, 150 S. E., 505; and *Grier v. Grier,* 192 N. C., 760, 130 S. E., 617.

The plaintiff alleges in paragraph 3 of her complaint: "That at the times herein complained of, Hubert Ring was in the employ of the defendant and such agent was at such time engaged within the scope of his employment in the furtherance of the business of said defendant, and was at such time engaged in the very transaction out of which the personal injury to the plaintiff arose." The defendant Swaim says in his answer: "That as to the allegations contained in Article 3 of the complaint, it is admitted that Hubert Ring was in the employ of the defendant on 5 April, 1946," and in his further answer he says: "That

on 5 April, 1946, at about 8:30 a.m., Hubert Ring, an employee of the defendant J. H. Swaim, was operating the defendant J. H. Swaim's Ford pick-up truck in a westerly direction along West Lee Street in the City of Greensboro at a careful, prudent and lawful rate of speed not in excess of 25 miles per hour," etc.

The appellant introduced evidence tending to show that at the time of plaintiff's injury, Hubert Ring was driving his truck on a trip for the appellant's father, C. M. Swaim. The evidence is conflicting as to who paid Ring for his work on 5 April, 1946. It does appear, however, the appellant had employed him for two or three months prior to the time in question to do whatever he was told to do. The appellant operated four or five farms. He had two trucks at the time, and Hubert Ring had driven both of them. He had collected money, and on such trips he had driven the same truck that was involved in the accident on 5 April, 1946. The appellant testified: "He (my father) told me he wanted to use my truck the morning this accident happened. . . . My father and Ring were there and I told my father it was all right with me for him to use my truck and as long as I did not have anything else for Ring to do, that Ring could go with him. . . . When he worked for me I usually paid Ring about 30c an hour. . . . When my father asked me about the truck I told him Ring was there and not doing anything and might go with him."

We think the admissions in the appellant's pleadings, together with the evidence introduced in the trial below, are sufficient to carry the case to the jury. *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503; *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415; *West v. Baking Co.,* 208 N. C., 526, 181 S. E., 551. Each case cited by the appellant is based upon facts which are distinguishable from the record before us.

The ruling of the court below, in refusing to grant the appellant's motion for judgment as of nonsuit, will be upheld.

We now come to a more serious assignment of error. His Honor read subsection (c) of G. S., 20-150, to the jury, which is as follows: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of highway unless permitted so to do by a traffic or police officer," and then the Court said: "That does not apply in this case but is read for the purpose of its intendment since there does not appear to be in this case any evidence of the establishment of a traffic light or placing of a police officer by the City of Greensboro."

The court was in error in charging the jury that the statute was not applicable to this case, since there was no evidence of the establishment of a traffic light or the placing of a police officer at the intersection by

the City of Greensboro. The statute clearly prohibits the driver of a vehicle from overtaking and passing any other vehicle proceeding in the same direction "at any intersection of a highway unless permitted so to do by a traffic or police officer." In the absence of the permission of such officer, it is negligence *per se* to overtake and pass any other vehicle proceeding in the same direction at an intersection of a highway. *Murray v. R. R.,* 218 N. C., 392, 11 S. E. (2d), 326.

We think the appellant is entitled to a new trial for the error pointed out in the above instruction, and it is so ordered. Therefore, we deem it unnecessary to discuss the remaining assignments of error.

New trial.