ELLEN WATTS TRAVIS, ADMINISTRATRIX ESTATE OF FLOYD WATTS, DECEASED, v. WILLIAM ROSCOE DUCKWORTH AND EARL M. BOWMAN.

(Filed 8 April, 1953.)

**1. Automobiles § 24½ e—**

Under the provisions of G.S. 20-71.1 proof of ownership by a defendant of a vehicle involved in a collision while being driven by another constitutes *prima facie* evidence that at the time and place of the collision the vehicle was being operated by the owner's employee with his authority, consent and knowledge, and is therefore sufficient to carry the case to the jury upon the issue of *respondeat superior.*

**2. Constitutional Law § 8a: Evidence § 6—**

The General Assembly has the power to declare that certain related facts shall be regarded as *prima facie* evidence of the ultimate fact at issue, and hence constitute sufficient basis for the submission of the issue to the jury.

**3. Automobiles § 24½ e—Defendant employer held entitled to peremptory instruction on issue of respondeat superior.**

Plaintiff offered evidence that the vehicle involved in a collision with the car of his intestate was owned by defendant. But the evidence further disclosed that the driver of defendant's vehicle detached the trailer thereof and left it at a point on his authorized route, and that when the accident occurred he was driving the detached tractor on a journey of some 75 miles to a city off his route on a purely personal errand, without the knowledge or consent of his employer. *Held:* While the provisions of G.S. 20-71.1 preclude nonsuit, defendant employer was entitled to an instruction that if the jury found the facts to be as the evidence tended to show, to answer the issue of *respondeat superior* in the negative.

APPEAL by defendant Bowman from *Moore, J.,* January Term, 1953, of CATAWBA. New trial.

Action to recover damages for injury and death of plaintiff's intestate alleged to have been caused by the negligence of the defendants in the operation of a motor tractor.

It was admitted that defendant Bowman was the owner of the tractor involved in the injury complained of, and that with the trailer attached it was being used by him in the transportation of produce from Florida to points north and return, and that the defendant Duckworth was regularly employed by defendant Bowman to operate the tractor-trailer in the owner's business. The tractor-trailer bore Florida vehicle registration number 170165.

The evidence disclosed that on 9 January, 1952, the defendant Duckworth driving the tractor-trailer of his codefendant, and proceeding south, arrived in Charlotte about 1:30 p.m. Duckworth parked the trailer in Charlotte, detached the tractor, and, driving the detached tractor, set out for Morganton—75 miles west—for the purpose of visiting his wife and children who resided there and to secure fresh clothing before continuing his journey south with the tractor-trailer. En route to Morganton and near Newton in Catawba County, the tractor driven by Duckworth was involved in an accident which cost the life of plaintiff's intestate.

Defendant Duckworth did not appeal from the judgment based on the verdict of the jury that the death of the intestate was due to his negligence in the operation of the tractor. As to defendant Bowman, the jury for their verdict found that at the time of the accident and death of the plaintiff's intestate defendant Duckworth was "acting within the scope of his employment and in the furtherance of the business of defendant Bowman," and awarded damages in a substantial sum.

From judgment on the verdict the defendant Bowman appealed.

*G. Andrew Warlick and Theodore F. Cummings for plaintiff, appellee.*
*Mull, Patton & Craven for defendant Bowman, appellant.*

DEVIN, C. J.   The defendant Bowman's appeal presents the question whether the evidence offered was sufficient to support the finding and judgment that defendant Duckworth, the driver of the offending tractor, at the time and place of the injury and death of plaintiff's intestate, was acting within the scope of his employment by defendant Bowman and in the furtherance of his employer's business.   Appellant contends that his motion for judgment of nonsuit should have been allowed, or that in any event he was entitled to have the court give a peremptory instruction to the jury in his favor as prayed.

The plaintiff, however, invokes the provisions of Chap. 494, Session Laws 1951, as sufficient under the evidence and admissions here to withstand defendant's motion for judgment of nonsuit and to carry the case to the jury.   This statute, now codified as G.S. 20-71.1, provides that (a) in all actions to recover damages for injury to the person or death arising out of an accident in which a motor vehicle is involved, "proof of ownership of such motor vehicle at the time of such accident or collision shall be *prima facie* evidence that the motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose."   (b) Proof of the registration of a motor vehicle in the name of any person shall, for the purpose of any such action, "be *prima facie* evidence of ownership and that such motor vehicle was being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."   This suit was instituted within one year after the cause of action accrued and thus came within the terms of the statute.

The evident purpose of this statute was to require that proof of ownership of an offending motor vehicle should be regarded as *prima facie* evidence that it was being operated at the time of the accident by the authority of the owner, doubtless in view of the decision of this Court in *Carter v. Thurston Motor Lines, Inc.,* 227 N.C. 193, 41 S.E. 2d 586, and that, in the absence of proof of ownership, proof of motor vehicle registration in the name of a person would be *prima facie* evidence that the motor vehicle was being operated by one for whose conduct such person is legally responsible.

It must be conceded that proof of ownership by defendant Bowman of the motor vehicle involved in the injury complained of, by force of the statute, must be regarded as *prima facie* evidence that at the time and

place of the injury caused by it the motor vehicle was being operated by his employee with the authority, consent and knowledge of defendant Bowman, and hence sufficient to carry the case to the jury on the question of the legal responsibility of defendant Bowman for the operation of the tractor on the occasion of the injury and death of plaintiff's intestate.

While the courts originally established the rules of evidence, they recognize the power of the Legislature to declare that proof of certain related preliminary facts shall be regarded as *prima facie* evidence of the ultimate fact at issue, and hence as affording sufficient basis for the consideration of the jury. *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593; *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766; Stansbury, sec. 203.

But there is here a dearth of any evidence, other than that afforded by the statute, to show that at the time and place of the accident defendant Duckworth was acting within the scope of his employment and about his employer's business. Without the knowledge, consent or approval of defendant Bowman, Duckworth parked the trailer in Charlotte, detached the tractor, and undertook to drive it 75 miles away on an errand of his own. The evidence seems clearly to indicate such a deviation from the scope of the driver's employment and so substantial a departure from the course of the employer's business as should relieve the latter from liability for a tort committed by the employee while on this errand. He was engaged in an activity in his own interest and not connected with the business of his employer. There was no evidence competent against Bowman to show that Bowman had given permission or knew of Duckworth's driving the tractor to Morganton on this occasion. Duckworth testified that on a former occasion he had driven the tractor to Morganton but that Bowman had objected and forbidden him the use of the tractor except for the employer's business.

"The rule is well settled that the master is responsible for the tort of his servant which results in injury to another when the servant is acting in the course of his employment, and is at the time about the master's business. And it is equally well settled that the master is not liable if the tort of the servant which causes the injury occurs while the servant is acting outside the legitimate scope of his authority, and is then engaged in some private matters of his own *Hinson v. Chemical Corp.,* 230 N.C. 476, 53 S.E. 2d 448.

"A servant is acting in the course of his employment, when he is engaged in that which he was employed to do, and is at the time about his master's business. He is not acting in the course of his employment, if he is engaged in some pursuit of his own. Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility; but, if there is a total departure from the course of the master's business, the master is no

longer·answerable for the servant's conduct," Tiffany on Agency, p. 270, quoted with approval in *Robertson v. Power Co.,* 204 N.C. 359, 168 S.E. 415, and *Hinson v. Chemical Corp., supra.*

This rule has been applied in numerous decisions of this Court in exoneration of the liability of employers for torts committed by employees who have departed from the course of their employment, and who were at the time engaged in pursuits of their own. *Parrott v. Kantor,* 216 N.C. 584, 6 S.E. 2d 40; *Creech v. Linen Service Corp.,* 219 N.C. 457, 14 S.E. 2d 408; *Rogers v. Black Mountain,* 224 N.C. 119, 29 S.E. 2d· 203; *Temple v. Stafford,* 227 N.C. 630, 43 S.E. 2d 845; *McIlroy v. Motor Lines,* 229 N.C. 509, 50 S.E. 2d 530; *Hinson v. Chemical Corp.,* 230 N.C. 476, 53 S.E. 2d 448. An incidental divergence, however, such as appeared in *Duncan v. Overton,* 182 N.C. 80, 108 S.E. 387, would not be sufficient to relieve the employer from liability for the tort of his employee while engaged in the general scope of his agency or employment.

While the motion of defendant Bowman for judgment of nonsuit was properly denied, we think, upon the evidence offered in the trial, the defendant was entitled to have the court instruct the jury if they found the facts to be as the evidence tended to show to answer the second issue "No."

For failure to charge the jury to this effect as prayed there must be a new trial as to defendant Bowman, and it is so ordered.

Other exceptions noted and brought forward in appellant's assignments of error are not discussed as they may not arise on another hearing.

New trial.