FLORA TURNAGE ADAMS v. SAMUEL M. GODWIN,
D/B/A/ GODWIN SALES COMPANY.

(Filed 4 May, 1960.)

**Automobiles § 18—**

G.S. 20-150(c) prohibits a motorist from overtaking and passing another motorist traveling in the same direction not only at an intersection of highways designated and marked by the State Highway Commission but also at any street intersection in a city or town, without regard to whether such street intersection is marked or unmarked, and an instruction permitting a motorist to ignore an unmarked intersection of streets in a municipality must be held for prejudicial error.

APPEAL by defendant from *Williams, J.,* November, 1959 Civil Term, JOHNSTON Superior Court.

This civil action was instituted by the plaintiff to recover for personal injuries and property damage allegedly caused by the actionable negligence of Sam M. Godwin, D/B/A/ Godwin Sales Company. The claim grew out of a motor vehicle collision between a 1958 Edsel automobile owned and operated by the plaintiff and a 1950 model Chevrolet truck owned by the defendant and operated by his agent, Raymond Howard Jackson.

Prior to, and at the time of the collision, both vehicles were proceeding in an easterly direction on Main Street in the corporate limits of the Town of Benson. As they approached the intersection

of Main Street and Fayetteville Street (north and south) the plaintiff was driving at an estimated 20-30 miles per hour. The defendant's truck was in front at an estimated speed of 8-15 miles per hour. According to the plaintiff's evidence, when the truck reduced its speed she sounded her horn and attempted to pass, whereupon the truck, without giving any warning signal, attempted to make a left turn into a filling station about 30 feet west of the intersection. The plaintiff sounded her horn and attempted to pass the defendant's truck on its left. The defendant's truck crossed over the center line and the bumper struck the plaintiff's car about the center of the body, turned it over, and in the accident plaintiff sustained personal injury and property damage.

According to the defendant's evidence, the driver looked to the rear, saw no approaching traffic, gave a signal of his intention to turn left on Fayetteville Street, and, as he was executing the intended movement, the plaintiff's Edsel crashed into the truck; that he did not hear any horn or other signal device giving notice of the plaintiff's intention to pass in the intersection. The defendant denied negligence and interposed the plea of contributory negligence on the part of the plaintiff in bar of her right to recover.

The defendant's evidence indicated the collision occurred in the intersection. The evidence was not definite as to whether Fayetteville Street made a direct right-angle crossing or whether there was a slight offset to the west. The evidence disclosed that there were no highway signs at the crossing.

After the pleadings were cast, the defendant died. His personal representative was substituted as a party defendant and adopted the pleadings already filed. Issues of negligence, contributory negligence, and damages were submitted to and answered by the jury in favor of the plaintiff. From the judgment on the verdict, defendant appealed.

*Canaday & Canaday, By: C. C. Canaday, Jr., for defendant, appellant.*

*R. E. Batten, Levinson & Levinson, By: L. L. Levinson for plaintiff, appellee.*

HIGGINS, J. There is some discrepancy in the evidence whether the collision occurred near or in the intersection. The plaintiff's evidence placed the point of contact between the vehicles at about 30 feet west of the intersection. The defendant's evidence placed it in the intersection. The plaintiff's vehicle skidded and turned over after crossing Fayetteville Street. The defendant's truck stopped in the in-

tersection. It is agreed that no signs had been erected indicating an intersection. All the evidence was to the effect that the streets crossed within the corporate limits of the Town of Benson.

G.S. 20-150(c) provides: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of highway unless permitted so to do by a traffic or police officer. For the purposes of this section the word 'intersection of highway' shall be defined and limited to intersections designated and marked by the State Highway Commission by appropriate signs, *and street intersections in cities and towns.*" (emphasis added) The meaning of the section is that one motorist may not pass another going in the same direction under either of two conditions: (1) At any place designated and marked by the State Highway Commission as an intersection; (2) at any street intersection in any city or town. *Donivant v. Swaim,* 229 N.C. 114, 47 S.E. 2d 707; *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86; *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632.

On the issue of contributory negligence the defendant was entitled to a charge that if the jury should find by the greater weight of the evidence, the burden being on the defendant, that the plaintiff attempted to pass the defendant's truck going in the same direction at a public street intersection, and should further find that the intersection was located within the corporate limits of the Town of Benson, her attempt so to pass would be negligence on her part; and if the jury should further find that such negligence was one of the proximate causes of her injury and damage, then the issue of contributory negligence should be answered, yes; otherwise, no. *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543.

The court actually charged: "I instruct you, ladies and gentlemen, that if you are satisfied by the greater weight of the evidence that there were no signs put there, no appropriate signs put there by the State Highway Commission, then it would not constitute an intersection within the meaning of that statute and would place no duty upon the driver of the Edsel automobile."

The statute required the plaintiff to observe the street intersection in the Town of Benson whether marked or unmarked. The charge permitted her to ignore the intersection if unmarked. Assignment of Error #2 based on Exception #2 challenges the instruction given. For the error assigned, the defendant is entitled to a

New trial.