WATSON SEAFOOD & POULTRY COMPANY, INC. v. GEORGE W. THOMAS, INC. AND ROBERT PRIDGEN

No. 754DC83

(Filed 21 May 1975)

**Automobiles §§ 20, 90— passing at intersection in city — no notice of city limits**

> The trial court properly instructed the jury that plaintiff's driver was negligent if he attempted to pass defendant's truck in an unmarked intersection in the City of Rose Hill although the evidence showed that plaintiff's driver could have had no way of knowing and did not in fact know that he was in the city limits.

Judge CLARK dissenting.

APPEAL by plaintiff from *Crumpler, Judge.* Judgment entered 14 October 1974 in District Court, DUPLIN County. Heard in the Court of Appeals 8 April 1975.

This is a civil action for property damage resulting from a collision between a 1973 Chevrolet pickup belonging to the plaintiff and a 1967 GMC tractor trailer belonging to the defendant. In its complaint, plaintiff alleged that defendant Pridgen's negligent operation of the corporate defendant's truck caused a collision on 1 August 1973 resulting in property damage of $2,000 to plaintiff's truck. In their answer defendants denied negligence on the part of Pridgen and alleged contributory negligence on the part of the plaintiff's driver. Plaintiff's driver testified that both he and the defendant's driver were proceeding in the same direction on rural paved road 1146; that he drove up behind defendant's truck, blew his horn, and proceeded to pass; and that as he pulled up beside it, defendant's truck turned left into his truck. The plaintiff's driver also testified that a dirt road intersected the rural paved road on the left, but "[t]here were no regulatory marking of any intersection in that area on the date of the accident" and the area was "really growed up". According to the witness, although there was a "Welcome to Rose Hill" sign on the shoulder of the road, there was no city limits sign in the vicinity of the accident. No evidence was introduced which conflicted with this description of the scene of the accident.

Defendant Pridgen testified that he did not hear the plaintiff blow his horn or see the plaintiff's truck pull out to pass; and that as he approached the intersection he slowed down

and was going only "about ten" miles per hour when he started to make his turn. Pridgen further testified that following the accident he got out of his truck to see if the plaintiff's driver was hurt; and that plaintiff's driver met him and said "Your light's not blinking". An inspection by Pridgen following the accident revealed that his left rear turn signal was not blinking but "the one on the front was blinking".

The Chief of Police of the town of Rose Hill testified that he investigated the accident and that as a result of his investigation he cited the defendant, Pridgen, for improper equipment because his directional signals were not operating properly.

Pridgen waived trial and pleaded guilty to the charge. It was stipulated that the accident occurred within the city. City limit signs had been erected since the accident, although none were present on the date of the accident.

From a jury verdict finding the defendant negligent and the plaintiff contributorily negligent, plaintiff appealed.

*Crossley & Johnson, by Robert White Johnson, for plaintiff appellant.*

*Horton, Conely & Michaels, by Richard B. Conely, for defendant appellee.*

MORRIS, Judge.

In its only assignment of error plaintiff contends the trial court erred in its instructions to the jury that it would be negligence to pass in an unmarked intersection in the city of Rose Hill, when all the evidence showed that the plaintiff's driver could have no way of knowing and in fact did not know that he was in the city limits. We disagree. Plaintiff concedes that the charge was substantially in compliance with G.S. 20-150(c).

In *Adams v. Godwin*, 252 N.C. 471, 114 S.E. 2d 76 (1960), the question on appeal was whether the court erred in its charge as to contributory negligence. There the collision occurred in the town of Benson, and it was agreed that no signs had been erected indicating an intersection. Though there was conflicting evidence with respect to where the collision occurred, some of the evidence placed it in the unmarked intersection. Plaintiff there was the following driver as here. Justice Higgins said:

"G.S. 20-150(c) provides: 'The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the

same direction at any steam or electric railway grade crossing nor at any intersection of highway unless permitted so to do by a traffic or police officer. For the purposes of this section the word "intersection of highway" shall be defined and limited to intersections designated and marked by the State Highway Commission by appropriate signs, *and street intersections in cities and towns'*. The meaning of the section is that one motorist may not pass another going in the same direction under either of two conditions: (1) At any place designated and marked by the State Highway Commission as an intersection; (2) at any street intersection in any city or town. *Donivant v. Swaim,* 229 N.C. 114, 47 S.E. 2d 707; *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86; *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632." (Emphasis supplied.)

The court had charged the jury that if they were satisfied by the greater weight of the evidence that there were no appropriate signs marking the intersection it would not constitute an intersection within the meaning of the statute and would place no duty on the passing vehicle. With respect to the charge the Court said:

"On the issue of contributory negligence the defendant was entitled to a charge that if the jury should find by the greater weight of the evidence, the burden being on the defendant, that the plaintiff attempted to pass the defendant's truck going in the same direction at a public street intersection, and should further find that the intersection was located within the corporate limits of the Town of Benson, her attempt so to pass would be negligence on her part; and if the jury should further find that such negligence was one of the proximate causes of her injury and damage, then the issue of contributory negligence should be answered, yes; otherwise, no. *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543."

Here the court charged the jury substantially in accord with the statute and *Adams v. Godwin, supra.*

No error.

Judge VAUGHN concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

The following factual circumstances are noted: (1) The vehicles involved in the collision were proceeding on Rural Paved Road 1146, not one of the main approaches to the City of Rose Hill; (2) no city limit sign had been erected on the road to give notice to motorists that they were approaching or were within the city; (3) the collision occurred just within the municipal boundary in an area void of any structure to indicate an approach to a city; (4) the intersecting city street was a "little", unpaved, dirt road, was "out in farm country", in a corn field, obscured by brush and bushes, and "real hard to see"; (5) no sign designating the intersection had been erected; and (6) the directional signals on corporate defendant's preceding truck were inoperative, and the defendant gave no signal of his intention to make a left turn.

G.S. 20-150(c) and other statutory rules of the road are not unyielding under any and all circumstances, but should receive a reasonable construction and be applied in the light of the facts involved in a particular case. See *Tucker v. Moorefield*, 250 N.C. 340, 108 S.E. 2d 637 (1959); *Weavil v. Trading Post*, 245 N.C. 106, 95 S.E. 2d 533 (1956); 60A C.J.S., Motor Vehicles, § 268 (1969).

G.S. 136-31 provides that local authorities shall cause appropriate signs to be erected and maintained designating residence and business districts, and such other signs as may be deemed necessary to carry out the provisions of G.S. 136-30 to 136-33. It is my opinion that G.S. 20-150(c) contemplates that a motorist have reasonable notice that he is within a municiplity; it was not intended to enlarge the common law duty of due care to that of clairvoyance.

In *Adams v. Godwin, supra,* relied on by the majority, the knowledge of the operator that he was within a municipality was not questioned. It is my opinion that this factual circumstance distinguishes it from this case, and that there was reversible error in the charge to the jury.