MRS. C. S. WOLFE v. INDEPENDENT COACH LINE, INC.

(Filed 30 December, 1929.)

1. **Highways B a—Violation of law in regard to passing other cars on highway is negligence per se and actionable when proximate cause.**

    Section 12 (a), ch. 148, Public Laws of 1927, was enacted for the protection of the public upon the roads and highways of the State, and its violation is negligence *per se* entitling the person injured to his damages when there is a causal connection between the negligent act and the injury complained of.

2. **Same—Evidence of negligence in passing car on highway held sufficient to be submitted to the jury.**

    Where there is evidence tending to show that the plaintiff's injury was caused by the driver of the defendant's bus on the highway in failing to clear the automobile of the plaintiff after endeavoring to pass it, after signal, when going in the same direction where the road was amply wide, and to the contrary that the driver of the plaintiff's car, just as the bus was passing, turned into the bus, causing the injury, the issues of negligence, contributory negligence, and damages is properly submitted to the jury under correct instructions from the court.

3. **Highways B g—Where plaintiff is negligent and contributory negligence is a proximate cause no recovery may be had.**

    Where there is evidence tending to show that the driver of the plaintiff's car turned into the defendant's bus as the latter, after signalling, was passing the plaintiff's car, both going in the same direction, and *per contra*, an instruction to the jury to the effect that the plaintiff cannot recover if the defendant has satisfied them by the greater weight of the evidence that the plaintiff was guilty of contributory negligence and that such contributory negligence was the proximate cause or one of the proximate causes of the injury in suit, is not error.

CIVIL ACTION, before *McElroy, J.,* at March Term, 1929, of SWAIN.

The evidence tended to show that the plaintiff was riding in a Ford car on 16 March, 1928, between Sylva and Bryson City, and that her car was struck by a bus owned and operated by the defendant. The car and the bus were traveling in the same direction. Plaintiff's car was operated by her agent, Paul Conley.

The evidence further tended to show that the bus gave a signal to pass plaintiff's car, and that thereupon the driver of the car turned out of the road.

The driver of plaintiff's car narrated the collision and injury as follows: "When the bus hit me his front was toward the right, pulling in toward the right. And I was off of the right-hand side of the road. Absolutely, there was room there at this place for the bus to have passed me and to have stayed on the left-hand side of the road and prevented hitting me. . . . The whole road was about eighteen feet wide. . . . When the bus struck me I was driving the car something like fifteen or twenty miles an hour. . . . I heard the bus blow and I pulled out to let the bus pass. . . . There is a ditch right here about that wide and eighteen inches deep. Mrs. Wolfe said, 'Look out, you will run into the ditch,' and I turned my wheels out of the ditch to keep from running into it, and the bus swung around this way, and I reckon he didn't consider the length of the bus, and it swung to the right, and his rear hit the front of my car. . . . I cut to the left a little bit—toward the bus. The bus would have hit me if I had gone in the ditch."

The defendant offered strong evidence to the effect that the bus did not hit the car at all, but that the car negligently turned into the bus. There was also testimony to the effect that the driver of the car was drinking, and that the car was "wabbling" from one side of the road to the other prior to the collision.

The jury answered the issues in favor of the plaintiff, and awarded $2,050 damages for personal injury sustained by plaintiff and for property damages to the car.

From judgment upon the verdict the defendant appealed.

*Edwards & Leatherwood for plaintiff.*
*Rollins & Smathers for defendant.*

BROGDEN, J. Section 12 (a) of chapter 148, Public Laws of 1927, provides as follows: "The driver of any such vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle."

The evidence discloses three theories as to the cause of the collision and injury:

1. That the bus in passing the car of plaintiff passed within less than two feet thereof in violation of the foregoing statute.

2. That the driver of the bus, after passing the car of plaintiff, turned to the right side of the highway before the overtaken vehicle was safely cleared.

3. That the driver of the overtaken car negligently turned to the left while the bus was in the act of passing, thus running into the bus and causing the injury without negligence or default upon the part of the driver of said bus.

It is now familiar learning that a violation of a statute enacted for the purpose of protecting the public is negligence *per se,* although there must be a causal connection between the breach thereof and the injury complained of. *Whitaker v. Car Company,* 197 N. C., 83. There was evidence to support each theory, and there was strong evidence from disinterested witnesses in support of the third theory; but the jury accepted the testimony tending to show negligence of the defendant. The trial judge instructed the jury upon each and every phase of the case. Upon the third theory of the collision, strongly relied upon by the defendant, the court charged: "The court further charges you that if the defendant has satisfied you by the greater weight of the evidence that upon approaching the plaintiff's car the defendant's driver gave warning of his desire to pass, with his horn, and that thereupon plaintiff's car pulled to the right of the center of the road, and that while the bus was passing the plaintiff's car, plaintiff's driver cut her car sharply to the left, and into the bus, then, gentlemen of the jury, if the defendant has satisfied you, by the greater weight of these facts, the court charges you that the plaintiff would be guilty of contributory negligence, and if the defendant has further satisfied you, by the greater weight of the evidence, that such negligence on the part of the plaintiff was the proximate cause, or one of the proximate causes of her injury, then, gentlemen of the jury, the court charges you that it is your duty to answer the second issue, Yes."

The disputed issues of fact were submitted to the jury upon a charge correctly interpreting the pertinent principles of law, and the judgment cannot be disturbed.

No error.