ELEANOR COLE v. FLETCHER LUMBER COMPANY, INC.,
and
ROBERT LEE COLE v. FLETCHER LUMBER COMPANY, INC.

(Filed 21 September, 1949.)

**1. Automobiles § 8i—**

It is negligence *per se* for a motorist to overtake another vehicle traveling in the same direction and pass it at a highway intersection unless given permission to do so by a traffic or police officer. G.S. 20-150 (c).

**2. Automobiles § 18h (3)—Passing vehicle at intersection in violation of G.S. 20-150 (c) held contributory negligence as matter of law.**

Plaintiffs, husband and wife, were riding in the husband's car, driven by the wife. Plaintiffs' evidence tending to show that the wife overtook a vehicle traveling in the same direction and attempted to pass it at a highway intersection without permission of a traffic or police officer in violation of G.S. 20-150 (c), and that the collision occurred when the driver of the truck turned at the intersection, establishes contributory negligence barring recovery as a matter of law notwithstanding plaintiffs' evidence of the truck driver's failure to observe the requirements of G.S. 20-151 in respect to giving way to overtaking vehicles, and G.S. 20-153 in respect to turning at intersections, and G.S. 20-154 in respect to signals when turning from a direct line.

APPEAL by plaintiffs from *Moore, J.,* at April Civil Term, 1949, of BUNCOMBE.

Two civil actions to recover damages allegedly sustained in, and growing out of a collision between an automobile owned by plaintiff Robert Lee Cole, operated by his wife, the plaintiff Eleanor Cole, and a truck owned by defendant and operated by its employee in the course and scope of its business, which occurred when the automobile attempted to overtake and pass the truck at the intersection of a side road into which the truck was turning,—resulting in personal injury to plaintiff Eleanor Cole, and in property loss and expense to plaintiff Robert Lee Cole,— consolidated by consent for purpose of trial.

In the trial court judgments as of nonsuit were entered upon motions of defendant, made at close of plaintiffs' evidence, and plaintiffs appeal to Supreme Court, and assign error.

*N. C. W. Gennett, Jr., and J. Y. Jordan, Jr., for plaintiffs, appellants.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

PER CURIAM. While the plaintiffs allege, and offered evidence tending to show that the driver of the truck of defendant failed to observe the requirements of statute G.S. 20-151, in respect to giving way to overtaking vehicle, and G.S. 20-153 in respect to turning at intersection, and G.S. 20-154 in respect to signals on turning from a direct line, the evidence offered by plaintiffs is equally clear in showing that the collision occurred when plaintiff, Eleanor Cole, was attempting to overtake and pass the truck proceeding in the same direction at an intersection of highway, without permission so to do by a traffic or police officer,—in violation of provisions of G.S. 20-150 (c), limiting the "privilege on overtaking and passing," as averred by defendant. Such violation of the statute is negligence *per se, Murray v. R. R. Co.,* 218 N.C. 392, 11 S.E. 2d 326; *Donivant v. Swaim,* 229 N.C. 114, 47 S.E. 2d 707. Defendant pleads it, among other things, as contributory negligence. And on this record it is clear that such negligence on the part of plaintiff contributed to the injury as the proximate cause, or one of the proximate causes of the collision, and its consequences. This is sufficient to bar plaintiffs' right to recover. See *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887.

Thus upon careful consideration thereof, the evidence shown in the record on this appeal indicates that the judgments as of nonsuit were properly entered.

Hence, the judgments are

Affirmed.