EDWARD D. HOWARD v. FRED BINGHAM AND HAL BINGHAM, TRADING AS BINGHAM LUMBER COMPANY.

(Filed 3 February, 1950.)

**1. Negligence § 19c—**

    While contributory negligence is an affirmative defense upon which defendant has the burden of proof, nonsuit on the ground of contributory negligence is properly entered when plaintiff's own evidence establishes

contributory negligence as the sole reasonable inference that can be drawn therefrom.

2. **Automobiles § 18h (3)—Evidence held not to show contributory negligence as matter of law in attempting to pass truck before reaching intersection.**

Plaintiff's evidence tended to show that he was following a truck on the highway, that as the truck cleared a curve and entered a 500 yard straightaway, plaintiff sounded his horn and undertook to pass the truck some 275 feet before reaching an intersection with a dirt road, that when within 75 feet of the intersection, just as plaintiff, traveling 40 miles per hour, had reached the back of the truck, the truck, traveling 20 miles per hour, suddenly, without previous warning from the driver, turned to the left into plaintiff's lane of travel, causing the injury in suit. *Held:* Nonsuit on the ground that plaintiff was contributorily negligent in attempting to pass at an intersection, G.S. 20-150 (c), was properly denied, since the evidence is susceptible to the inference that plaintiff could have passed the truck before it reached the intersection had not the driver of the truck turned suddenly to the left 75 feet from the intersection in "cutting the corner."

APPEAL by defendants from *Sink, J.,* at September Term, 1949, of FORSYTH. No error.

This was an action to recover damages for injury to plaintiff's automobile resulting from collision with defendants' truck.

Issues of negligence, contributory negligence and damage were submitted to the jury and answered in favor of plaintiff. From judgment on the verdict defendants appealed.

*Deal & Hutchins for plaintiff, appellee.*
*Womble, Carlyle, Martin & Sandridge for defendants, appellants.*

DEVIN, J. The only error assigned in defendants' appeal was the denial of their motion for judgment of nonsuit, and the only ground upon which it was argued that this motion should have been sustained was that on plaintiff's testimony the injury to his automobile proximately resulted from his own contributory negligence.

While contributory negligence is an affirmative defense and within the rule that ordinarily nonsuit will not be allowed in favor of the party upon whom rests the burden of proof (*Sims v. Lindsay,* 122 N.C. 678, 30 S.E. 19), the principle is well settled that when the plaintiff's own testimony establishes contributory negligence as a matter of law nonsuit should be allowed. *Elder v. R. R.,* 194 N.C. 617, 140 S.E. 298; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *Brown v. Bus Lines,* 230 N.C. 493, 53 S.E. 2d 539; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Fawley v. Bobo, ante,* 203, 56 S.E. 2d 419. But it has been frequently declared by this Court

that nonsuit on the ground of contributory negligence should be allowed only when the plaintiff's evidence so clearly establishes such negligence that no other reasonable inference can be drawn therefrom. *Bailey v. Michael, ante,* 404; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637. "It is only when plaintiff proves himself out of court that nonsuit may be entered on the issue of contributory negligence." *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793.

In order to determine the propriety of the ruling below to which appellants have noted exception, we have examined the evidence shown by the record before us, and find the material facts according to plaintiff's testimony were these: On 8 January, 1948, between 8 and 9 a.m. plaintiff was driving his automobile on the paved highway from Clemmons to Winston-Salem, and was following immediately behind defendants' large truck loaded with lumber which was proceeding in the same direction around a curve in the road. The truck was being driven at about 20 miles per hour. Some 275 or 280 feet beyond the end of the curve was an unpaved side road leading to the left. The paved highway extended straight for 500 yards or more. There was no other traffic in sight. Reaching the end of this curve, with his view unobstructed, plaintiff sounded his horn and undertook to pass, traveling at the rate of 40 miles per hour. The driver of defendants' truck, however, when 75 feet from the intersecting side road, without previous signal, drove the truck to the left into plaintiff's lane of travel, in front of plaintiff's automobile. The only signal given was by the truck driver's hand just as plaintiff's front wheels were even with the truck's rear wheels. Plaintiff immediately applied his brakes and pulled to his left as far as he could without going down an embankment. Plaintiff testified the truck "just pulled right straight across the road in front of me and cut the corner of the intersection . . . I either had to hit him or go down the embankment, so my right front wheel hit his rear wheel." The collision occurred about where the side road enters the highway. Tire marks of plaintiff's automobile on the pavement were visible for a distance of 78 feet back from the place of collision. Plaintiff's automobile was injured. The truck was unharmed.

Defendants contend that plaintiff violated G.S. 20-150 (c) by attempting to pass a vehicle proceeding in the same direction at an intersection, and that the violation of this statute constituted negligence barring recovery, citing *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86. However, in that case, as the basis for the decision affirming the nonsuit, it was said the collision "occurred when the automobile attempted to

overtake and pass the truck at the intersection of a side road into which the truck was turning." Here the plaintiff, after signaling his intention so to do, had turned his automobile into the left traffic lane for the purpose of passing when he was 275 feet from the side road, and was driving at a speed twice that of the truck. From his point of view the factors of comparative speed and distance were such as to afford reasonable ground for the assumption that he could pass in safety before the truck reached the intersection, and the inference is permissible that but for the unexpected action of the driver of the truck in suddenly turning to the left in front of plaintiff's automobile 75 feet from the intersection, the collision would not have occurred. *Williams v. Express Lines,* 198 N.C. 193, 151 S.E. 197.

What is the proximate cause of an injury is ordinarily a question for the jury. It is to be determined as a fact from the attendant circumstances. *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; *Nichols v. Goldston,* 228 N.C. 514, 46 S.E. 2d 320. Conflicting inferences of causation arising from the evidence carry the case to the jury.

We conclude that plaintiff's evidence was sufficient to withstand a motion to nonsuit, and that defendants' motion was properly denied.

In the trial we find

No error.