CAROLINA CASUALTY INSURANCE COMPANY v. ARCHIE CLINE AND WILLIAM FREEMAN.

(Filed 12 June, 1953.)

**1. Negligence § 19c—**

On motion to nonsuit on the ground of contributory negligence, plaintiff's evidence must be considered in the light most favorable to it.

**2. Automobiles §§ 8i, 14, 18h (3)—Evidence held not to compel conclusion that driver attempted to pass preceding vehicle at intersection.**

Plaintiff's evidence tending to show that its driver overtook and attempted to pass defendant's vehicle, after giving audible signal by horn, at least 300 feet before reaching an intersection when the highway ahead was free of oncoming traffic for a distance of 1,000 feet, and that, as the vehicles were running side by side, defendant's driver turned sharply to the left without any signal or warning, and collided with plaintiff's vehicle, *is held* not to compel the conclusion that plaintiff's driver attempted to pass defendant's vehicle at an intersection in violation of G.S. 20-150 (c), and therefore defendant's motion to nonsuit on the ground of contributory negligence was properly denied notwithstanding defendant's evidence that plaintiff's driver attempted to traverse the intersection while defendant's driver was endeavoring to make a left turn into the connecting highway.

**3. Trial § 22b—**

In passing upon defendant's motion to nonsuit, the court correctly ignores defendant's evidence which merely contradicts that offered by plaintiff.

APPEAL by defendants from *Bone, J.,* and a jury, at September Term, 1952, of ALAMANCE.

Civil action arising out of a collision between two motor vehicles proceeding along the highway in the same direction.

The accident happened on United States Highway 29 near Landis in Rowan County on 17 November, 1950, when an automobile, which belonged to the plaintiff Carolina Casualty Insurance Company, overtook and attempted to pass a truck, which was owned by the defendant Archie Cline. The automobile was driven by J. J. Hinton, an employee of the plaintiff; and the truck was operated by the defendant William Freeman, an employee of Cline. Each driver was performing a business mission for his employer. The plaintiff sought damages from the defendants Cline and Freeman for injury to its automobile upon a complaint charging that such injury was caused by the actionable negligence of Freeman in the management of Cline's truck. The defendants denied this charge, and pleaded contributory negligence on the part of plaintiff's driver Hinton as an affirmative defense. Both sides offered evidence at the trial.

These issues were submitted to the jury:

1. Was the plaintiff's automobile damaged through the negligence of the defendants, as alleged in the complaint?

2. If so, did the plaintiff, through the negligence of its agent, contribute to its own damage, as alleged in the answer?

3. What damages, if any, is plaintiff entitled to recover of the defendants?

The jury answered the first issue "Yes," the second issue "No," and the third issue "$1,350.00." The trial judge entered judgment for the

plaintiff in accordance with the verdict, and the defendants excepted and appealed.

*H. Clay Hemric for plaintiff, appellee.*
*Long & Long and Paul H. Ridge for defendants, appellants.*

ERVIN, J.   The assignments of error raise this solitary question: Did the trial judge err in refusing to dismiss the action upon a compulsory nonsuit?

The defendants admit the sufficiency of the plaintiff's evidence to establish actionable negligence on their part.   They contend, however, that the action ought to have been involuntarily nonsuited in the court below upon the authority of *Cole v. Lumber Co.*, 230 N.C. 616, 55 S.E. 2d 86, on the ground that the plaintiff's driver Hinton was contributorily negligent as a matter of law.   They advance this argument to sustain this position: The plaintiff's evidence compels the single conclusion that Hinton overtook and attempted to pass the Cline truck at an intersection in violation of the statute codified as G.S. 20-150 (c), and in so doing proximately contributed to the collision and the resultant injury to plaintiff's automobile.

The contention of the defendants necessitates an appraisal of the plaintiff's evidence in the light most favorable to it.   *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307.   When the plaintiff's evidence is thus appraised, it makes out this case:

1. United States Highway 29, which runs north and south, is paved to a width of 20 feet.   It is linked to the Town of Landis on the westward by a connecting road which joins its western margin.

2. At 2 p.m. on 17 November, 1950, Freeman drove the Cline truck northward along the right half of the highway at a speed of from 25 to 30 miles an hour.   Hinton, who was driving the plaintiff's automobile northward along the highway at a speed of 45 miles an hour, overtook the Cline truck a substantial distance south of the intersection of the highway and the connecting road.

3. Hinton observed that the left half of the highway ahead was free from oncoming traffic for a distance of 1,000 feet.   Hinton thereupon drove onto the left half of the highway for the purpose of passing the truck, gave Freeman an audible signal by his horn of his intention to pass the truck, accelerated the speed of the automobile to approximately 50 miles an hour to facilitate passing, and undertook to pass to the left of the truck, which was still proceeding northward along the right half of the highway at a speed of from 25 to 30 miles an hour.   Hinton was at least 300 feet south of the intersection of the highway and the con-

necting road when he drove onto the left half of the highway for the purpose of passing the truck.

4. When the automobile and the truck were running side by side, Freeman turned the truck sharply to the left without any signal or warning, and crossed onto the left half of the highway, striking and demolishing the plaintiff's automobile and injuring Hinton. The collision occurred before the vehicles reached the intersection.

5. These events took place in an area outside a business or residence district where highway signs stated that the absolute speed limit for automobiles was 55 miles an hour.

It thus appears that the plaintiff's evidence warrants the inferences that Hinton reasonably assumed that he could pass the truck in safety before the vehicles reached the intersection, and that he would have done so had it not been for Freeman's improvident act in suddenly driving onto the left half of the highway. This being true, the plaintiff's evidence does not compel the conclusion that Hinton attempted to pass the Cline truck at an intersection in violation of the statute codified as G.S. 20-150 (c). As a consequence, the instant case falls under *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538, and *Howard v. Bingham,* 231 N.C. 420, 57 S.E. 2d 401, rather than *Cole v. Lumber Co., supra.*

To be sure, the defendants offered evidence tending to show that Hinton rendered the collision inevitable by attempting to traverse the intersection while Freeman was endeavoring to make a left turn into the connecting road. While this evidence would have justified the jury in answering either the first issue or the second issue in favor of the defendants had the jury accepted it, the trial judge rightly ignored it in ruling on the motion to nonsuit. This evidence was presented by the defense and merely contradicted that offered by plaintiff. *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; *Register v. Gibbs,* 233 N.C. 456, 64 S.E. 2d 280; *Bundy v. Powell, supra.*

For the reasons given, there is in law

No error.