ELMER E. SHELDON v. WILLIE MARVIN CHILDERS AND McLEAN TRUCKING COMPANY, INC.

(Filed 4 June, 1954.)

**1. Negligence § 19c—**

Where plaintiff's own evidence clearly establishes contributory negligence constituting a proximate cause of the injury in suit, nonsuit is proper.

**2. Negligence § 11—**

Contributory negligence need not be the sole proximate cause of injury to bar recovery; it is sufficient for this purpose if it contribute to the injury as a proximate cause, or one of them.

**3. Automobiles §§ 14, 18h (3)—Plaintiff's evidence held to show contributory negligence proximately causing rear end collision.**

Plaintiff's evidence tended to show that he was driving about 50 miles per hour along the highway, following a tractor-trailer belonging to defendant, that when he was about 400 feet to the rear of defendant's vehicle, with a clear view of the highway ahead, he blew his horn and turned into the left lane to pass, and that when he was about 200 feet behind the tractor-trailer, it pulled into the left lane to enter a dirt road on its left, and stopped, blocking all but about two or three feet of the highway on plaintiff's left, and leaving about five feet of the hard surface and about six feet of shoulder level with the pavement on plaintiff's right, over which plaintiff could have passed, that plaintiff applied his brakes but did not stop before the front of his car collided with the left side of the trailer. The evidence further showed that plaintiff's car left skid marks some 157 feet before it was stopped by and underneath the high body of the trailer. *Held:* Plaintiff's own evidence discloses contributory negligence as a matter of law in his failure to keep a reasonably careful lookout and in traveling at excessive speed under the circumstances.

**4. Automobiles § 18g (5)—**

The physical facts at the scene of a collision may speak louder than the testimony of witnesses.

**5. Automobiles § 14—**

The failure of a motorist on the highway to give audible warning with his horn or other warning device before passing, or attempting to pass a vehicle traveling in the same direction is a violation of G.S. 20-149 (b) and constitutes negligence *per se*, and such warning must be given to the driver of the preceding vehicle in reasonable time to avoid injury which would probably result from a left turn. It would seem that such warning given

when the following car is 400 feet behind the preceding vehicle is too great a distance to be timely.

APPEAL by plaintiff from *Whilmore, Special Judge,* October Extra Term 1953 of MECKLENBURG.

Civil action for personal injuries and damages to plaintiff's automobile resulting from rear-end collision with corporate defendant's tractor trailer unit driven by its employee in the course of its business.

About 3 :45 p.m. on 8 April 1952, a clear day with the road dry, plaintiff was driving his Buick automobile at a speed of about 50 miles an hour in a northerly direction on U. S. Highway 29, when he saw the defendant's Chevrolet tractor trailer in front of him travelling in the same direction at a speed of about 10 or 15 miles an hour.

Plaintiff's evidence tended to show the following facts: Plaintiff could see the highway ahead for a half a mile or more and there was no traffic meeting plaintiff in front. When plaintiff was about 400 feet to the rear of the defendant's tractor trailer unit and when he had a clear view of the highway for about half a mile ahead, he blew his horn, and turned into the left lane to pass. As he pulled into the left lane, he was going about 50 miles an hour. He observed the tractor trailer at all times. When he was about 200 feet behind the tractor trailer, it pulled into the left lane to enter into the Mar-Grace Mill Road. The plaintiff said: "No type of turn signal was given that I was able to see." The tractor trailer then stopped with the front portion in the left lane about one or two feet away from the edge of the road, not leaving enough room to pass to its left. The trailer part was in the right lane not leaving enough room to pass on the right. Plaintiff applied his brakes, which held, and skidded some 157 feet—forward some 66 feet and sideways some 91 feet—stopping with the front end of his automobile underneath the high body of the trailer. In the collision plaintiff was injured, and his automobile damaged.

Plaintiff had driven on this highway many times before. Plaintiff stated on cross-examination that when the tractor trailer reached the side road, it started to turn into it; that then he was about 200 feet away, and applied his brakes; and "it is true that at the time I saw the truck turn to the left, I was going at such a rate of speed that I was unable to stop without hitting the truck with great force."

Two State patrolmen, witnesses for the plaintiff, arrived at the scene about 20 minutes after the collision. Upon their arrival the tractor trailer was on the pavement, and plaintiff's car was up under the left rear of the trailer. The paved part of the highway is 22 feet wide. The front end of the tractor trailer was about 3 feet from the left-hand edge of the pavement, and its right rear about 5 feet from the right-hand edge of the

pavement. To the right of the rear of the trailer there was about 5 feet of pavement and about 6 feet of shoulder level with the pavement, over which a northbound automobile could have driven. One patrolman, W. D. Sawyer, on cross-examination said: he examined the signal light at the wreck. The light worked, when it was turned on, and was visible from the rear. It showed a red arrow, when the switch was turned on.

· The Mar-Grace Mill Road into which the defendant's tractor trailer was preparing to enter is a narrow unpaved road going to a mill. This road which leads from Highway 29 is not a part of the State Highway System; it is not maintained by the State. The State Highway System does not maintain all the roads used by the public; there are many roads used by the public not included in the system. The Mar-Grace Mill Road goes from Highway 29 over to the old Grover Road, which is a paved road. At the point where the Mar-Grace Mill Road meets Highway 29 there were no road signs indicating an intersection. The plaintiff said: "The entrance to this road is not visible from the point on the highway from which I began to pass." A State patrolman, a witness for plaintiff, said as one approaches the scene of collision going north on Highway 29, as plaintiff was, the Mar-Grace Mill Road could be seen four or five hundred feet from the intersection.

The defendant's evidence tended to show these facts in respect to the Mar-Grace Mill Road. It has been open to the public since 1919. It is used by people working at the mill, and children going to school. It has been used by mail carriers since 1919. The road is wide enough for two automobiles to pass. For 30 years it has been used generally by the public.

Defendant Childers testified that when he was about 300 feet from the intersection, he looked in his rear-view mirror, saw no one, and began applying his brakes. About 200 feet from the intersection he turned on his electric turn signals, looked again in his rear-view mirror, saw no one, and turned to his left to enter the Mar-Grace Mill Road. That he did not see plaintiff, until he heard his tires "crying."

From judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*Taliaferro, Grier, Parker and Poe for Plaintiff, Appellant.*

*Kennedy, Kennedy & Hickman and Charles E. Knox for Defendants, Appellees.*

PARKER, J. Is the evidence of the plaintiff, taken for him in its most favorable light, sufficient to survive the challenge of the motion for judgment of nonsuit? ·The trial court decided No, and we agree.

It is to be noted that the plaintiff does not say the tractor trailer unit showed no signal indicating a left turn. His testimony is, "No type of

turn signal was given that I was able to see." *Moore v. Boone,* 231 N.C. 494, 57 S.E. 2d 783; *Hollingsworth v. Grier,* 231 N.C. 108, 55 S.E. 2d 806. It is also significant that W. D. Sawyer, a State Patrolman and witness for the plaintiff, who arrived on the scene about 20 minutes after the collision, testified on cross-examination, he examined the signal light on the rear of the trailer there; the light worked when it was turned on, and was visible from the rear of the trailer; it showed a red arrow when the switch was turned on.

However it may be, as to whether sufficient evidence of negligence on the part of the defendants was offered at the trial, it clearly appears from the plaintiff's own evidence that he was guilty of contributory negligence, and when such facts appear a compulsory nonsuit is proper. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730.

The plaintiff's negligence to bar recovery need not be the sole proximate cause of injury. It suffices, if it contribute to his injury as a proximate cause, or one of them. *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *Moore v. Boone, supra.*

It seems clear that the plaintiff was either failing to keep a reasonably careful lookout, or was driving at an excessive rate of speed under the conditions then existing. The plaintiff pulled into the left lane of traffic to pass, and when he was about 200 feet from the tractor trailer which was travelling 10 to 15 miles an hour, it pulled into the left lane of traffic to enter the Mar-Grace Mill Road, and stopped. Plaintiff applied his brakes, which held, and skidded some 157 feet—some 66 feet forward and some 91 feet sideways—until the front end of his automobile was stopped by and underneath the high body of the trailer. The length and manner of the skid marks are stubborn things and flinch not; and these "physical facts speak louder than the witness" (*Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887) as to plaintiff's excessive speed. It also seems clear that if plaintiff had been keeping a reasonably careful lookout, and not travelling at an excessive rate of speed, he could have safely passed on the right edge of the pavement and the right shoulder which was level with the pavement. The conclusion is inescapable that plaintiff's negligence contributed to his injury. *Moore v. Boone, supra; Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Austin v. Overton, supra.*

The plaintiff contends that his case is controlled by *Ins. Co. v. Cline,* 238 N.C. 133, 76 S.E. 2d 374. The facts are different. In the *Cline Case* when plaintiff's automobile and defendant's truck were running side by side, the truck turned sharply to the left without any signal or warning onto the left half of the highway. The plaintiff also relies upon *Grimm*

*v. Watson, supra.* The facts are not similar. In the *Grimm Case* the plaintiff was travelling about 35 miles an hour, and the evidence of plaintiff was that the bus driver in front turned the bus sharply to the left without any signal, when the front of plaintiff's car was abreast the rear wheels of the bus. The plaintiff further cites *Howard v. Bingham,* 231 N.C. 420, 57 S.E. 2d 401, which is not similar to the instant case. In that case Bingham, when 75 feet from the intersecting side road, turned to the left.

G. S. N. C. 20-149(b) requires every motorist not within a business or residential district shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle going in the same direction. A violation of this statute is negligence *per se. Wolfe v. Coach Line,* 198 N.C. 140, 150 S.E. 876. This warning must be given to the driver of the vehicle in front in reasonable time to avoid injury which would probably result from a left turn. *Lyerly v. Griffin, supra.* The plaintiff testified that he blew his horn when he was about 400 feet behind. This would seem to be not in apt time for defendant's driver to have heard it from that distance behind.

It seems to us that the sole inference to be drawn from plaintiff's evidence is that plaintiff's negligence was one of the proximate causes of his injury and damage, and that the plaintiff has proved himself out of court. *Lyerly v. Griffin, supra; Austin v. Overton, supra; Wright v. R. R.,* 155 N.C. 325, 71 S.E. 306.

Having reached this conclusion, it is not necessary for us to decide as to whether plaintiff violated G.S. 20-150(c), which states that the driver of a vehicle shall not overtake any other vehicle proceeding in the same direction at any intersection of a highway, unless permitted so to do by a traffic or police officer.

The judgment of the lower court is

Affirmed.