ROSCOE BENNETT v. FLOYD J. LIVINGSTON AND WIFE
TRUDY LIVINGSTON.

(Filed 12 June, 1959.)

**1. Automobiles § 14: 42e—**

> While it is negligence *per se* for a motorist to overtake and pass
> another vehicle proceeding in the same direction at an intersection
> unless permitted to do so by an officer, G.S. 20-150 (c), the 1957 amend-
> ment to the statute defines intersection as one marked by the State
> Highway Commission by appropriate signs.

**2. Automobiles § 42e—**

> Evidence tending to show that plaintiff attempted to pass defendants'
> vehicle on a four-lane highway at a cross-over to a store on the oppo-
> site side of the highway, in the absence of evidence that the place had
> been marked as an intersection by appropriate signs of the Highway
> Commission, *held* not to show contributory negligence as a matter of
> law so as to justify nonsuit.

APPEAL by plaintiff from *Phillips, J.*, at February 13, 1959, Civil
Term of CABARRUS.

Civil action to recover for personal injury and property damage
allegedly resulting from actionable negligence of defendants in an
automobile collision.

Plaintiff alleges in his complaint, in the main in paragraph 3,
substantially the following: On or about the 3rd day of November,
1956, plaintiff was operating his 1950 Ford automobile south on High-
way # 29, at a point about three miles from the city limits of Char-
lotte, Mecklenburg County, North Carolina, proceeding in a care-
ful and prudent manner, at a rate of speed of approximately 50 miles
per hour, when and where he overtook two automobiles going in the
same direction, the front car being owned by defendant Floyd J.
Livingston and operated by defendant Trudy Livingston; that as he
pulled alongside the rear car, defendants' car was about (in the)
middle of the road, which would have been straddle the center line
if one were there; that thereupon plaintiff blew his horn twice and
defendant Trudy Livingston bore to the right as if to allow plaintiff
to pass, but instead she, suddenly and without giving any hand sig-
nal or signal otherwise, pulled her car directly to the left in the pass-
ing lane of the highway, in the path of plaintiff's car, causing the two
cars to collide violently, by reason of which plaintiff sustained per-
sonal injuries and his automobile was damaged, in the manner and to
the extent alleged.

And plaintiff further alleged that the collision was caused by the
negligence of defendants in that: They failed (a) to yield the right

of way to the automobile of plaintiff; (b) to give signal for a turn, as is required by law; (c) to keep a proper lookout for others using the highway, as required by law; and (d) to have said automobile under proper control; and in that they were operating said automobile (e) in the wrong traffic lane, and (f) in a dangerous and reckless manner without regard to the life and safety of others and in such manner as to endanger or to be likely to endanger the lives and property of others using said highway.

And plaintiff further alleges in his complaint that the automobile operated by defendant Trudy Livingston and owned by her husband, Floyd J. Livingston, was operated by the member of the family of Floyd J. Livingston as a "Family Purpose" car and at the time alleged was being operated by and with the consent of the owner and in the course of business or pleasure of the family.

On the other hand, defendants, answering paragraph 3 of the complaint, while admitting that the plaintiff was operating his 1950 Ford automobile in a southerly direction on U. S. Highway # 29 about three miles from the city limits of Charlotte, North Carolina, on or about 3 November, 1956, and that defendant Trudy Livingston was operating the 1941 Chevrolet automobile belonging to defendant Floyd J. Livingston in the same direction on U. S. Highway # 29, denied all other allegations.

And for a further answer and defense defendants say and aver substantially the following: That at the time and place of the collision defendant Trudy Livingston was driving in a careful and prudent manner; that at the same time plaintiff was driving his 1950 Ford automobile— following Mrs. Livingston; that as she approached a cut-off to the left of the highway near the Herrin Store, she signalled of her intention to turn to the left into the said cut-off; that as she began so to turn, the plaintiff, driving in a careless and reckless manner, and at an excessive rate of speed, being unable to bring his car to a stop, ran into and collided with the rear of car operated by Trudy Livingston, without fault on her part, but caused solely by negligence of plaintiff.

And defendants, so answering, aver that if plaintiff was damaged as a result of any negligence on their part, then plaintiff by his own negligence brought about and proximately caused the collision and any and all resulting damages alleged in the complaint, in that: (a) He drove his 1950 Ford automobile at a speed which was greater than was reasonable and prudent under the existing circumstances. (b) He failed (1) to keep the said automobile in proper control (2) to keep a proper lookout (3) to yield the right of way to defendants, and (4) to take any precautions to prevent the collision.

(c) He failed to look and observe the signal given by Mrs. Livingston of her intention to make a left turn off the highway, and to bring his automobile to a stop before striking her automobile.

And (d) he failed to drive his automobile and to so conduct himself as a reasonable and prudent person would have done under similar circumstances, and undertook to drive his automobile at a time when he was not in proper position to do so.

Defendants plead such negligence of the plaintiff as a bar to his right to recover herein.

And as a cross-action against plaintiff, defendant Floyd J. Livingston sets forth a cause of action on the grounds set out in the above further answer and defense, upon which he prays judgment for property damage— and that plaintiff recover nothing of defendants in this action.

Upon the trial in Superior Court, plaintiff testified in pertinent part: "* * * On November 3, 1956, I was the owner and operator of a 1950 Ford automobile. I left home and was going to Charlotte, on Highway 29. It was about 4:30 in the afternoon. The weather * * * was fair * * * the road dry. I was driving down Highway 29 about three miles this side (north) of Charlotte and Mrs. Livingston was driving approximately straddled of the line in the center lane. I slowed down and she didn't move either way * * * I slowed down a little more. She didn't do anything. I blew my horn twice and then she moved over to the right, and when I started she pulled directly across in front of me. At this time my car was as far to the right as I could to keep from getting off. I hit her on the left rear fender * * * Mrs. Livingston did not give any turn signal of any kind, electrically or manually. She was right at the intersection, maybe as far as from here to the street when I saw her driving slow. That is, when I slowed down to see if she was going in the intersection— it was a crossover and not an intersection * * * When I hit the car it turned over in the center lane. My car went off to the side of the road. My automobile was damaged to the extent that it was a total loss * * * I sustained injured."

Then on cross-examination plaintiff continued: "* * * headed towards Charlotte * * * Nobody was with me. When I first saw Mrs. Livingston's car it was a good ways back from that intersection, approximately as far as * * * maybe 300 feet. At that time I was driving right around 50 miles per hour, maybe a mile or two faster * * * she was going at a slow rate of speed, I imagine around 25. I continued in her direction and got up close to her, at a slower rate of speed * * * about 40 miles per hour. I slowed * * * to about 30 miles

per hour and blew my horn. At that time she was farther away from me than here to the door, 50 or 75 feet * * * I did not slow down any more before I hit her, because when I blowed the horn she moved back over to the right and I speeded back up to go by her * * * At time I hit her, I was going about 40 miles per hour. I was skidding when I hit her. I was going about 40 miles per hour before I started skidding— when I started skidding she pulled straight in front of me * * * "

D. P. King testified for plaintiff, in pertinent part: "I am a State Highway patrolman * * * On November 3, 1956, I investigated an accident (the one in question) on U. S. Highway 29. The highway is a four-lane, divided highway,— two northbound, two southbound, divided by a grass island approximately 15 feet wide * * * "

The record shows that before closing his evidence plaintiff, without objection by defendants, offered in evidence his allegations as to family purpose use of car, and defendants' denial of it. Then plaintiff rested. And defendants moved for judgment as of nonsuit. The court in its discretion permitted defendants to amend their answer to allege that plaintiff was negligent in that he was attempting to pass the defendants' car from the rear at an intersection. And defendants waived the counterclaim and moved for judgment as of nonsuit. Motion allowed. Plaintiff excepted thereto and from judgment in accordance therewith, appeals to Supreme Court and assigns error.

*Hartsell & Hartsell, William L. Mills, Jr., C. M. Llewellyn for plaintiff, appellant.*
*Pierce, Wardlow, Knox & Caudle for defendants, appellees.*

WINBORNE, C. J.  Taking the evidence shown in the record of case on appeal as offered by plaintiff in the light most favorable to him and giving to him the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, as is required in such cases, considered under applicable principles of law, a case is made for the jury.

In this connection G.S. 20-150 (c) originally declared that "the driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction * * * at any intersection of highway unless permitted so to do by a traffic or police officer," which as interpreted by the Court meant that a violation of these provisions would be negligence *per se*, and the Court so held. *Donivant v. Swaim*, 229 N.C. 114, 47 S.E. 2d 707 (1948); *Cole v. Lbr. Co.*, 230 N.C. 616,

55 S.E. 2d 86 (1949); *Howard v. Bingham,* 231 N.C. 420, 57 S.E. 2d 401 (1950).

The statute, however, has been amended by the Legislature defining the words "intersection of highway" to mean intersections defined and marked by the State Highway Commission by appropriate signs. See Session Laws 1955, Chapter 862, Sec. 1, and Chapter 913, Sec. 2, and Session Laws 1957 Chapter 65, Sec. 11.

And it is noted that the evidence in the instant case does not show that what is referred to as intersection of highway is designated and marked by the Highway Commission by appropriate signs. Indeed, the plaintiff described it as "a cross-over", and not an intersection.

Hence it appears that the amendment to defendants' answer, allowed by the court, fails to bring the case within the provisions of G. S. 20-150 (c). Therefore, if it be that plaintiff overtook and passed the vehicle of defendants proceeding in the same direction, such violation would not be negligence *per se.*

In our opinion the evidence presents questions of negligence and contributory negligence which should be submitted to the jury.

The judgment below is

Reversed.