SAMUEL R. PRUETT, JR. v. WILLIAM McK. INMAN.

(Filed 18 May, 1960.)

1. **Negligence § 11—**

Contributory negligence *ex vi termini* presupposes negligence on the part of the defendant.

2. **Automobiles § 17—**

Where one highway, running north and south, is intersected by another highway from the east, forming a "T" intersection, and ninety feet further north the intersecting highway leads off again to the west, forming another "T" intersection, each entrance of the intersecting highway is a separate intersection. G.S. 20-38(1).

3. **Automobiles § 18—**

G.S. 20-150(c) prohibits a motorist from passing another at an intersection only if the intersection is designated and marked by the State Highway Commission by appropriate signs, or is a street intersection in a city or town.

**4. Negligence § 21—**

Contributory negligence is an affirmative defense which defendant must plead and prove. G.S. 1-139.

**5. Negligence § 26—**

A defendant may avail himself of his plea of contributory negligence by motion for compulsory nonsuit when the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can reasonably be drawn therefrom.

**6. Same—**

Nonsuit on the defense of contributory negligence is proper only when plaintiff proves himself out of court, and nonsuit may not be entered on this ground if it is necessary to rely in any aspect upon defendant's evidence. notwithstanding that defendant's evidence on such aspect is not in conflict with plaintiff's evidence but tends to explain or clarify it.

**7. Same—**

Plaintiff's evidence must be considered in the light most favorable to him in passing upon defendant's motion to nonsuit on the ground of contributory negligence, and contradictions in plaintiff's evidence will be resolved in plaintiff's favor in passing upon such motion.

**8. Automobiles § 42e— Plaintiff's evidence held not to show that he attempted to pass at intersection, and nonsuit for contributory negligence was erroneous.**

Plaintiff's evidence tended to show that he was traveling north on a highway which was intersected by another highway from the east, and that ninety feet further north the intersecting highway again led off to the west, that defendant's car was preceding him on the highway at a very slow speed, apparently intending to stop, that plaintiff approached the eastern intersection at 40 m.p.h., blew his horn and started to pass defendant's car, and that defendant's car suddenly turned left when he had gotten to a point about six feet from the western intersection, resulting in a collision of the cars and the resultant damage. Plaintiff's evidence did not disclose that the intersection had been marked by the State Highway Commission by appropriate signs and did not disclose that the intersection was within the corporate limits of a municipality. *Held:* Nonsuit on the ground of contributory negligence was erroneously entered, notwithstanding the defendant's evidence that the intersection was within the limits of a municipality, since on such motion only plaintiff's evidence should be considered, and since plaintiff's evidence does not compel the inference that his negligence contributed as a proximate cause to his injury and damage.

**9. Negligence § 23—**

Proximate cause is ordinarily to be determined by the jury as a fact from the attendant circumstances, and conflicting inferences of causation arising from the evidence carry the issue to the jury.

APPEAL by plaintiff from *Johnston, J.,* November 1959 Term, of FORSYTH.

Civil action to recover compensation for personal injuries and damages to an automobile, in which defendant pleads contributory negligence of plaintiff and a counterclaim for damages to his automobile.

Plaintiff and defendant offered evidence. At the close of all the evidence the trial court allowed the defendant's motion for judgment of nonsuit, and with the consent of defendant nonsuited his counterclaim.

From the judgment of involuntary nonsuit, plaintiff appeals.

*Deal, Hutchins and Minor for plaintiff, appellant.*

*Womble, Carlyle, Sandridge & Rice; By Charles F. Vance, Jr., for defendant, appellee.*

PARKER, J.  Plaintiff's evidence tends to show these facts: Highway 52 bypasses the business district of the town of Pilot Mountain: Highway 52-A goes through the business district of the town. At this point Highway 52 runs in a general north and south direction. Highway 268 enters Highway 52 from the east at about right angles forming a T intersection, Highway 52 being the top of the T. Ninety feet north of this intersection Highway 268 intersects Highway 52 from the west forming another T intersection. Highway 52 is twenty-four feet wide, and Highway 268 is eighteen feet wide.

On 4 September 1958 there were no speed signs or slow signs on Highway 52 from where it separates from Highway 52-A to the point of collision hereinafter referred to, and no crossroads signs at any point south of either of the intersections of Highway 268. On this bypass at that time there was no sign stating it was within the town limits of Pilot Mountain. About twenty or thirty feet from the northeast corner of the eastern intersection of Highway 268 with Highway 52 there was at that time a small sign erected looking like a Z, indicating Highway 52 going straight ahead and Highway 268 farther down Highway 52 going off to the left or west. This was the only intersection sign there at this time. "It was open highway, apparently, with the State 55 mile speed limit."

About 8:00 o'clock a.m. on 4 September 1958 plaintiff, going from his home in Forsyth County to his work at Mt. Airy, was driving his 1952 Cadillac automobile north on Highway 52. He was driving at a speed of about 40 miles an hour as he approached the intersection of Highway 268 from the east with Highway 52, and did not slow down. When he first saw defendant's automobile, it was three or four or maybe five car lengths in front of him, and travelling north on

Highway 52 on its right side of the road at a speed of five or ten miles an hour, and appeared to be slowing down and planning to stop. At that time he was two or three car lengths south of the eastern intersection he was approaching. Defendant gave no signal at all. When he was right at the eastern intersection, he blew his horn, and started around defendant's automobile. "I say I was going forty miles an hour coming up to the intersection, and when I got to 268 and saw his car three to four car lengths ahead of me, I didn't slow up but I blew my horn, because he was proceeding to stop, apparently. Mr. Inman did not stop; he never stopped; he made a left turn without warning; he made a left turn into the northern entrance of 268." When his automobile was about even with the left front door of defendant's automobile, defendant's automobile turned very sharply to the left, and the automobiles collided when defendant's automobile was about six feet from the southwest corner of the intersection of Highway 268 from the west with Highway 52. In order to avoid defendant's automobile and to get out of his way he put his automobile in passing gear and travelling very rapidly drove off of Highway 52, crossed Highway 268, entered on a lawn or yard of a house, knocked down a tree in the yard, proceeded on, and stopped when his automobile struck a large pine tree. The lawn was wet with dew, slick as glass, and "I tried to drive out, rather than to brake out, and couldn't get out; there was a tree in the way." The greater part of damage to his automobile was caused by hitting the tree. On cross-examination plaintiff put an X mark on a photograph marked defendant's Exhibit #5 as to where the collision occurred, which X mark is at the southwest wide entrance of Highway 268 into Highway 52.

Plaintiff was thoroughly familiar with the highway and road conditions by reason of his travelling on it going to his work in Mt. Airy, though he had not particularly noticed the two intersections of Highway 268. At the time of the collision there were no other automobiles on the bypass.

The Complaint alleges that *near* the town of Pilot Mountain Highway 268 intersects Highway 52, and the answer admits this averment. During the direct examination of the chief of police of the town of Pilot Mountain, first witness for defendant, he testified that the collision occurred "at the intersection of 268 and the bypass, 52 Highway, in the city limits of Pilot Mountain." Whereupon, the court allowed defendant to file an amendment to his answer to the effect that the collision occurred in the intersection of Highway 52 and Highway 268, an intersection of streets within the town limits of Pilot Mountain.

Defendant's evidence does not show whether the scene of the collision was taken in the corporate limits of Pilot Mountain, when the town limits were last extended in January 1958 or before. C. W. Thomas, a commissioner of Pilot Mountain and a witness for defendant, testified during the trial there is a sign marked "Pilot Mountain" on the bypass, not "City Limits of Pilot Mountain," but "I wouldn't say for a fact that that sign was not there in September 1958, or was there in September 1958, but I know it is there now."

Defendant states in his brief: "It is respectfully submitted that the demurrer to the evidence should be sustained upon the ground of contributory negligence of the plaintiff." The term "contributory negligence" *ex vi termini* implies or presupposes negligence on the part of the defendant. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163. Defendant's contention is this: Plaintiff was contributorily negligent as a matter of law for that, one, he was attempting to pass defendant at an intersection in violation of G.S. 20-150(c), two, he failed to drive his automobile on his right half of the highway in violation of G.S. 20-147, and three, he failed to decrease his speed when approaching and crossing an intersection in violation of G.S. 20-141(c).

Highway 268 enters Highway 52 from the east, and ninety feet to the north it enters Highway 52 from the west. By virtue of G.S. 20-38(1) each entrance is regarded as a separate intersection. According to the plaintiff's evidence the only intersection sign on Highway 52 was a small sign looking like a Z situate about 20 or 30 feet from the northeast corner of the eastern intersection of Highway 268 with Highway 52 and some 60 feet from the northern intersection of the same roads. G.S. 20-150(c) prohibits the driver of an automobile from overtaking and passing another vehicle proceding in the same direction at an intersection of highways, unless permitted to do so by a traffic or police officer, but the statute specifically provides that "the words 'intersection of highway' shall be defined and limited to intersections designated and marked by the State Highway Commission by appropriate signs, and street intersections in cities and towns." *Adams v. Godwin,* 252 N.C. 471, 114 S.E. 2d 76. Defendant states in his brief: "The defendant contends, however, that the provision of the statute as to signs is inapplicable to the case at bar, since the collision occurred at a street intersection in the town of Pilot Mountain. G.S. 20-150(c). It is respectively submitted that the application of G.S. 20-150(c) is not conditioned upon the marking of town or city limits."

Plaintiff's evidence does not show that the scene of the collision is within the corporate limits of the town of Pilot Mountain: that is shown by defendant's evidence. Defendant contends that this evi-

PRUETT *v.* INMAN.

dence of his as to the scene of the collision should be considered by the court on the question as to whether or not plaintiff was guilty of contributory negligence as a matter of law, on the ground that it is not in conflict with plaintiff's evidence, and may be used to explain and make clear plaintiff's evidence. This contention is not tenable.

Contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. Nevertheless, the rule is firmly embedded in our adjective law that a defendant may avail himself of his plea of contributory negligence by a motion for a compulsory judgment of nonsuit under G.S. 1-183, when the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292; *Daughtry v. Cline,* 224 N.C. 381, 30 S.E. 2d 322, 154 A.L.R. 789; *Hayes v. Telegraph Co.,* 211 N.C. 192, 189 S.E. 499; *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601; *Elder v. R. R.,* 194 N.C. 617, 140 S.E. 298.

This Court said in *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307: "In ruling upon a motion for an involuntary judgment of nonsuit under the statute after all the evidence on both sides is in, the court may consider so much of the defendant's testimony as is favorable to the plaintiff or tends to clarify or explain evidence offered by the plaintiff not inconsistent therewith; but it must ignore that which tends to establish another and different state of facts or which tends to contradict or impeach the testimony presented by the plaintiff. (Citing authorities). But the court cannot allow a motion for judgment of nonsuit on the ground of contributory negligence on the part of the plaintiff in actions for personal injury or of the decedent in actions for wrongful death if it is necessary to rely either in whole or in part on testimony offered by the defense to sustain the plea of contributory negligence. (Citing authorities)."

"Only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence." *Lincoln v. R. R., supra.*

Plaintiff's evidence is sufficient to establish actionable negligence on defendant's part. This seems to be conceded by defendant. Defendant's contention that plaintiff was contributorily negligent as a matter of law necessitates an appraisal of his evidence in the light most favorable to him.

Plaintiff's evidence does not show that the western intersection of Highway 268 and Highway 52 is within the corporate limits of the town of Pilot Mountain. This being true, plaintiff's evidence does not compel the inference that he attempted to pass defendant's automobile

at a street intersection in a town or city, as prohibited by G.S. 20-150(c).

From the plaintiff's point of view, considering the evidence in the light most favorable to him, the factors of comparative speed and distance and of the intersections ninety feet apart, and of no speed or slow signs being on the side of the highway, and that when the plaintiff travelling at forty miles an hour was right at the eastern intersection of Highway 268 he blew his horn and started to pass defendant's automobile, who was a short distance ahead of him travelling five to ten miles an hour on his right side of the road and appeared to be slowing down and planning to stop, were such as to afford reasonable ground for the assumption that he could pass in safety before defendant's automobile apparently slowing down and planning to stop reached the intersection, and the inference is permissible that but for the unexpected action of defendant in suddenly turning to the left without any signal indicating a left turn, the collision about six feet from the southwest corner of the northern intersection would not have occurred. Conceding for the purpose of deciding the question before us that plaintiff's evidence shows negligence on his part, certainly, taking it in the light most favorable to him, it does not compel the inference that his negligence contributed as a proximate cause to his injury and damage. Though plaintiff on cross-examination placed the point of collision in the entrance to the intersection, on the motion for nonsuit, we take the evidence favorable to him as true, and resolve all conflict of his testimony in his favor. *Bundy v. Powell, supra.*

To be sure, defendant offered evidence tending to show that plaintiff rendered the collision inevitable by attempting to pass defendant's automobile at an intersection within the corporate limits of the town of Pilot Mountain. While this evidence, if accepted by a jury, would justify them in answering an issue of contributory negligence Yes, the evidence that the intersection was within the corporate limits of the town of Pilot Mountain comes from defendant and is not shown by plaintiff's evidence, and for that reason cannot be considered by the court on the question of whether plaintiff was contributorily negligent as a matter of law. *Insurance Co. v. Cline,* 238 N.C. 133, 76 S.E. 2d 374; *Bundy v. Powell, supra.*

What is the proximate cause of an injury is ordinarily a question for a jury. It is to be determined as a fact from the attendant circumstances. Conflicting inferences of causation arising from the evidence carry the case to the jury. *Howard v. Bingham,* 231 N.C. 420, 57

S.E. 2d 401; *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S. E. 2d 740.

This is a close case. We have no case in our Reports with similar facts. In our opinion, the instant case falls under the line of cases of *Howard v. Bingham, supra; Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Insurance Co. v. Cline, supra; Adams v. Godwin, supra,* rather than of *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86; *Sheldon v. Childers,* 240 N.C. 449, 82 S.E. 2d 396; *Crotts v. Transportation Co.,* 246 N.C. 420, 98 S.E. 2d 502, relied on by defendant. See *Bennett v. Livingston,* 250 N.C. 586, 108 S.E. 2d 843.

We conclude that plaintiff has not proved himself out of court, and that his evidence was sufficient to withstand a motion to non-suit. The judgment of involuntary nonsuit was improvidently entered.

Reversed.