ROBERT ELLIS FORGA v. RICHARD WILSON WEST.

(Filed 18 September 1963.)

1. **Automobiles §§ 14, 15, 42c—Evidence held to show contributory negligence as matter of law in following more closely that was reasonable and prudent under the circumstances.**

Testimony of the driver of an empty dump truck, traveling slightly down grade on a wet and slick highway, that under the circumstances it would have taken 150 feet to stop the truck at the speed it was traveling, and that he was following a preceding car at a distance of 100 feet, *is*

*held* to show contributory negligence as a matter of law on the part of the driver of the truck, constituting a proximate cause of an accident occurring when the preceding car suddenly stopped and the truck driver, to avoid colliding with its rear, turned the truck to the right into the enbankment, which threw it across the road into collision with another truck traveling in the opposite direction. Consequences of a generally injurious nature were reasonably foreseeable, and if the stopping of the car constituted an emergency, the truck driver was a party to the creation of the emergency.

**2. Automobiles § 19—**

A party may not invoke the doctrine of sudden emergency when such party's negligence contributes to the creation of the emergency.

**3. Automobiles § 55½—**

The owner of a truck is precluded from recovery of damages to the truck resulting from a collision when the negligent operation of the truck by the owner's employee in the course of his employment constitutes a proximate cause of the collision, since the negligence of the driver will be imputed to the owner as contributory negligence.

APPEAL by Plaintiff from *Huskins, J.,* May 1963 Civil Session of HAYWOOD.

Civil action to recover $500 for damages to a dump truck and $250 for loss of profits while it was being repaired allegedly caused by the actionable negligence of defendant.

Defendant in his answer denies negligence, conditionally pleads contributory negligence of plaintiff's employee in the operation of the dump truck in furtherance of his employer's business as a bar to recovery by plaintiff, and alleges a counterclaim for $500 for damages to his dump truck and for $600 for loss of profits due to the damage to his dump truck.

Plaintiff filed a reply in which he admits that at the time of the collision of his dump truck and of defendant's dump truck Talmadge Golden was driving his dump truck as his employee in furtherance of his business, and further conditionally pleads contributory negligence of defendant as a bar to recovery on his counterclaim.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence based on the ground that plaintiff's evidence shows legal contributory negligence on the part of the driver of his dump truck, which judgment also states defendant announced his election to submit to a voluntary nonsuit of his counterclaim, plaintiff appeals.

*Uzzell & DuMont by William E. Greene for plaintiff appellant.*

*Williams, Williams & Morris by William C. Morris, Jr., for defendant appellee.*

PARKER, J.   On 12 July 1961 plaintiff's employee, Talmadge Golden, and defendant were both operating 1961 Model Ford dump trucks on U. S. Highway 19-A, a black-top road 21 feet wide, hauling gravel from a crusher to a point on the Blue Ridge Parkway at or near Balsam Gap. About 8:30 a.m. on this day Golden, having unloaded a load of gravel on the Blue Ridge Parkway, was driving plaintiff's dump truck in an easterly direction on this highway towards Waynesville on his way to the crusher for another load. He was traveling about 40 miles an hour, and following a passenger automobile driven by Arlie Hall, which was four or five car lengths ahead of him. His dump truck could haul eight or ten tons of gravel per load. It had been raining, and the black-top highway was wet and slippery. His brakes were good. He was paid on the basis of how much he hauled.

When Golden came around a curve on this road, which is slightly downgrade and about three and one-half miles from Waynesville, he saw the Hall automobile ahead slowing down and a dump truck driven by defendant and carrying a load of gravel meeting the Hall automobile on Hall's side of the highway. Defendant's dump truck was passing three or four trucks on a curve with double yellow lines on the highway. Defendant got his truck back on his side of the road before Hall passed him and stopped.

When Golden saw Hall's automobile slowing down, he applied his brakes, slid a little to the right, cut his dump truck into the bank on his right side, and then it jumped back out into the highway and hit defendant's dump truck in about the center of the highway. On the south side of the road the bank was 10 or 15 feet high and the shoulder about 24 inches wide. The collision occurred about 10 or 15 feet behind where Hall's automobile stopped.

Golden testified on direct examination: "I did not apply my brakes with too much force, I know, you can't hardly stop an empty truck on a slick highway." He testified in part on cross-examination in substance: The road was wet and slippery. The road was so slippery he just could not stop the big old dump truck. With the road wet it would have taken 150 feet at least to stop the empty dump truck at the speed he was traveling. At all times he was over 100 feet behind the Hall automobile. On this occasion 100 feet was not enough distance to stop the dump truck.

Defendant told a highway patrolman "he had been traveling on the wrong side of the road for several hundred feet." Defendant "was charged with improper passing; he pleaded guilty to improper passing." Golden told the same patrolman "that as he came around this curve he saw the tail lights on the car ahead of him go on and that

he was so close to it that he had to hit the bank to keep from hitting the rear of that Plymouth automobile; at that time he said he didn't see the defendant West's dump truck."

Plaintiff's evidence clearly shows negligence on the part of the defendant in the operation of his loaded dump truck, which proximately contributed to his damage.

Considering plaintiff's evidence in the light most favorable to him, the inferences and conclusions are inescapable that Golden was driving the dump truck on a wet, slippery, black-top road on a curve, slightly downgrade, behind a passenger automobile ahead of him more closely than was reasonable and prudent, when under the circumstances then existing it would have taken 150 feet at least to stop the dump truck at the speed he was driving, and that in the light of the attending circumstances an ordinarily prudent person ought reasonably to have foreseen that consequences of a generally injurious nature might probably occur as a result of such driving, and that Golden under the attending circumstances was not exercising that degree of care which a reasonably prudent man would exercise under similar conditions. If Golden was faced with a sudden emergency or imminent danger, as plaintiff contends, but which we do not concede, by Hall's slowing down his automobile and bringing it to a stop, it is manifest that Golden by his own want of ordinary care placed himself in a position of danger by following Hall too closely on a wet, slippery road with an empty dump truck at the speed he, Golden, was driving, and consequently Golden being a party to the creation of the emergency, if one existed, plaintiff cannot invoke the sudden emergency doctrine in exculpation of the negligent conduct of his driver. The negligence of his employee and driver acting within the scope of his employment is imputed to him. *Black v. Milling Co.*, 257 N.C. 730, 127 S.E. 2d 515; *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785. There can be no reasonable doubt that plaintiff's evidence, considered in the light most favorable to him, clearly establishes that the negligent operation of his empty dump truck by Golden, his employee, was one of the proximate causes of the damage sustained by his dump truck in the collision. As a result, plaintiff is barred from recovery from defendant by reason of the contributory negligence of his driver an employee acting within the scope of his employment. *Rollison v. Hicks*, 233 N.C. 99, 63 S.E. 2d 190; *Hampton v. Hawkins*, 219 N.C. 205, 13 S.E. 2d 227; 38 Am. Jur., Negligence, sec. 236. This decision is in accord with our decisions in somewhat similar factual situations. *Black v. Milling Co.*, *supra*; *Crotts v. Transportation Co.*, 246 N.C. 420, 98 S.E. 2d 502; *Sheldon v. Childers*, 240 N.C. 449, 82 S.E. 2d 396;

*Moore v. Boone,* 231 N.C. 494, 57 S.E. 2d 783; *Fawley v. Bobo,* 231 N. C. 203, 56 S.E. 2d 419; *Austin v.. Overton,* 222 N.C. 89, 21 S.E. 2d 887.

The judgment of compulsory nonsuit below is
Affirmed.